UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case Number 15-20446

v.                                                        Honorable David M. Lawson

KENYETTA WILBOURN SNAPP,

        Defendant.
_____/

## ORDER DENYING MOTION TO AMEND SENTENCE

      This matter is before the Court on the defendant's motion to amend her sentence to direct that the balance of her custodial term be served under home confinement rather than in prison. On February 4, 2016, the defendant pleaded guilty to conspiracy to commit federal program bribery, 18 U.S.C. § 371, 666(a)(2), and federal income tax evasion, 26 U.S.C. § 7201. On June 6, 2016, the Court sentenced the defendant to 12 months and one day in prison on each of those counts, with the sentences to run concurrently, and the Court also ordered the defendant to pay restitution to the Educational Achievement Authority of Michigan and the United States Internal Revenue Service. On August 9, 2016, the Court entered an amended judgment modifying the order of restitution. The amended judgment did not alter the custodial terms of the sentence. The defendant indicates in her motion that she presently is incarcerated at a federal minimum security facility in Lexington, Kentucky, and that she is scheduled to be release on July 13, 2017.

      The defendant's motion cites in passing 18 U.S.C. § 3582(c), but she does not explain how that provision authorizes any modification of her sentence. Instead, she contends that, because she is asking the Court to "amend how custody is to be served, not to amend the amount of time served," that the Court "has jurisdiction" to grant her request. She asserts that she should be allowed to serve

the remainder of her custodial sentence in home confinement because (1) she has been a model inmate and has participated in educational and community service programs while in prison; (2) she would reside at home with relatives with whom she lived before reporting to prison, and her presence there would benefit her family financially; (3) she was a first-time, non-violent offender and was assigned by the Bureau of Prisons to a minimum security facility; and (4) her "minimum custody status could be achieved via home confinement." The defendant does not cite any other legal authority or factual basis for the request to amend her sentence, and she has not sought relief via a motion to vacate her sentence under 28 U.S.C. § 2255.

"The court may not modify a term of imprisonment once it has been imposed except" under certain conditions. 18 U.S.C. § 3582(c).

*First*, under section 3582(c)(2), the Court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only "after considering the factors set forth in section 3553(a) to the extent that they are applicable," and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The defendant does not contend that she was sentenced under any guideline provision involving a sentencing range that subsequently was lowered by the Sentencing Commission.

*Second*, under section 3582(c)(1)(A), the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that [] extraordinary and compelling reasons warrant such a reduction," or if the prisoner meets certain minimum age and

time served requirements that do not apply here. However, modification of a sentence under section 3582(c)(1)(A) is permitted only "upon motion of the Director of the Bureau of Prisons." Moreover, the defendant has not described any circumstances of her situation that are "extraordinary and compelling," and she does not assert that she meets any of the other specific qualifications under section 3582(c)(1)(A).

Finally, under section 3582(c)(1)(B), the Court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." However, Rule 35 expressly permits modification of a sentence only (1) within 14 days of imposition of the sentence, to correct an "arithmetical, technical, or other clear error"; or (2) upon the government's motion, based on the defendant's "substantial assistance in investigating or prosecuting another person." The defendant does not contend that the Court made any arithmetic or technical error — or any other clear error — when it imposed her sentence. She also does not assert that she has provided any substantial assistance with any investigation or prosecution, and the government has not made any motion on that basis.

The defendant contends that the Court can alter "how custody is to be served" without substantively changing her sentence. But any such modification would require the Court to enter an amended judgment of sentence, and the Court only may do so in accordance with explicit statutory authority. "In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and *the sentence*." Fed. R. Crim. P. 32(k)(1) (emphasis added). The amended judgment specifies a term of imprisonment only, with no component of home confinement. The United States Sentencing Guidelines explicitly contemplate that home confinement may be imposed as one component of a sentence. *E.g.*, U.S.S.G. § 5F1.2 ("Home

detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment."). But the guidelines distinguish between sentences that involve only imprisonment and those that also include other types of confinement. Where a term of imprisonment is called for under the guidelines, the "minimum term may be satisfied by (1) a sentence of imprisonment; *or* (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention . . . provided that at least one month is satisfied by imprisonment; *or* (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment." U.S.S.G. § 5C1.1(c) (emphasis added). The Court may not substantively modify the defendant's sentence to change the type of confinement absent clear legal authority to do so. *United States v. Brown*, No. 09-20101, 2016 WL 6217153, at *1 (D. Kan. Oct. 25, 2016) ("Alternatively, defendant asks the Court to order home confinement for his remaining term of imprisonment. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. . . . Defendant has not cited any statute which authorizes the Court to modify his sentence."); *United States v. Volin*, No. 14-165, 2016 WL 4544332, at *1 (D. Minn. Aug. 31, 2016) ("To the extent that Defendant seeks to have this Court amend its sentence to reduce the period of imprisonment or provide home confinement for a particular length of time, the Court is without power to amend its sentence.").

The defendant has failed to identify any basis for modification of her sentence under 18 U.S.C. § 3582(c), and she has not identified any other legal authority or factual basis that would justify altering or vacating her sentence. The Court therefore will deny her motion.

Accordingly, it is **ORDERED** that the defendant's motion to amend her sentence [dkt. #57] is **DENIED**.

                                                                    s/David M. Lawson
                                                                    DAVID M. LAWSON
                                                                    United States District Judge

Dated:   December 15, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 15, 2016.

                                         s/Susan Pinkowski
                                         SUSAN PINKOWSKI